**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Civil Action No. 5:26-cv-271 (FJS/MJK) |
| | ) | |
| Plaintiff. | ) | |
| v. | ) | |
| | ) | |
| $34,508.00 in U.S. Currency, | ) | |
| | ) | |
| Defendant. | ) | |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

The United States of America (the "Plaintiff") brings this verified complaint for forfeiture *in rem* against the above-captioned property (the "Defendant Currency") and alleges as follows:

**NATURE OF THE ACTION**

This is an action *in rem* brought pursuant to Title 21, United States Code, Section 881(a)(6) and Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions. Forfeiture is sought of the Defendant Currency as proceeds traceable to violations of Title 21, United States Code, Section 841. Section 881(a)(6) provides for the forfeiture of the following:

> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6).

**THE PARTIES**

1. The Plaintiff is the United States of America.

2. The Defendant Currency is $34,508.00 in U.S. Currency.

3. The Defendant Currency is presently in the custody of the United States of America.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1345 and 1355. Section 1345 provides district courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345. Section 1355(a) provides district courts with "original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress." 28 U.S.C. § 1355(a).

5. This Court has *in rem* jurisdiction over the Defendant Currency and venue is properly situated in this district pursuant to Title 28, United States Code, Section 1355(b), which provides that a forfeiture action or proceeding "may be brought in…the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred." 28 U.S.C. § 1355(b)(1)(A).

6. Venue is also properly situated in this district pursuant to Title 28, United States Code, Section 1395(b), which provides that "[a] civil proceeding for forfeiture of property may be prosecuted in any district where such property is found." 28 U.S.C. § 1395(b).

## FACTS

7. On February 14, 2024, officers from the Syracuse Police Department ("SPD") responded to a report of a domestic dispute with a weapon at a residence in the City of Syracuse. This residence was identified as that of Willie L. Jones III ("Jones"). Namia L. Jones ("Namia") reported a physical domestic incident with her stepfather, Jones; Namia reported that Jones was in possession of a firearm and had put it in a dresser in the residence.

8. Upon arrival SPD found Namia in front of the residence. The investigators relocated her to a patrol car for her safety. Jones, who had an active warrant out of Syracuse for harassment, exited the residence and stood on the front porch.

9. Jones advised SPD that he did get into an argument with his daughter but denied that a firearm was used during the argument.

10. Jones was taken into custody and declined to speak further without an attorney.

11. Namia advised police that Jones had a significant amount of cocaine in the residence. Namia specifically stated that he had "ounces of coke" and that he usually kept it in the closet within his bedroom.

12. SPD obtained a New York State search warrant and executed it at the residence.

13. During the search of the residence, law enforcement located 5 grams of cocaine in a hutch in the living room, 4 live rounds of ammunition in a case and a single stack handgun magazine with loose 9mm live rounds of ammunition in a plastic bag on top of a dresser in Jones' bedroom, 4 multi-colored tablets in a clear section of knotted plastic within the dresser, 20 live rounds of 12-gauge shotgun ammunition in a box within the closet of Jones' bedroom, a Rock River AR style rifle located in a laundry basket, a Beretta M9A1 9mm semi-automatic handgun located under the rear porch of the residence, and a Sentry safe located in the closet of Jones' bedroom.

14. Inside the Sentry safe in Jones' bedroom closet, law enforcement located several loose rounds of live .223/.556 ammunition, personal documents in the name of Jones, and the Defendant Currency.

15. Law enforcement was advised by Jones' girlfriend, Adrian Thomas, that all items contained in the safe belonged to Jones, and that as far as drugs or weapons were concerned, she only possessed marihuana in the house.

16. The Beretta M9A1 9mm semi-automatic handgun was reported stolen out of Nevada.

17. Jones was not lawfully allowed to own any firearms because he had at least three (3) previous felony convictions.

18. Jones was arrested and charged with the following New York State offenses: (1) one count of harassment in the second degree; (2) one count of criminal possession of a weapon in the fourth degree; (3) one count of menacing in the second degree; (4) two counts of criminal possession of a firearm; (5) two counts of criminal possession of a weapon in the second degree; (6) one count of criminal possession of a controlled substance in the seventh degree; (7) one count of criminal possession of a controlled substance in the third degree; (8) one count of criminal possession of stolen property in the fourth degree ("New York State Action").

19. Jones pled guilty in the New York State Action to attempted criminal possession of a weapon in the second degree and was sentenced to two (2) years of incarceration.

20. Upon information and belief, at the time of his arrest, Jones had no known legitimate employment.

21. Jones has three (3) previous felony convictions relating to the possession or attempted possession of controlled substances with the intent to sell them.

(this space intentionally left blank)

## CONCLUSION

22. The facts set forth above support a reasonable belief that the government will be able to meet its burden of proof at trial.

WHEREFORE, pursuant to Supplemental Rule G, the Plaintiff, the United States of America, respectfully requests that the Court:

(1) Issue a Warrant of Arrest *in Rem*, in the form submitted with this Complaint;

(2) Direct any person having any claim to the Defendant Currency to file and serve their Verified Claims and Answers as required by 18 U.S.C. § 983(a)(4) and Supplemental Rule G;

(3) Enter judgment declaring the Defendant Currency to be forfeited and condemned to the use and benefit of the United States; and

(4) Award such other and further relief to the United States as it deems proper and just.

Dated: February 20, 2026

TODD BLANCHE
Deputy Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By:  /s/ *Tamara B. Thomson*
Tamara B. Thomson
Assistant United States Attorney
Bar Roll No. 515310

## VERIFICATION

STATE OF NEW YORK )
) ss:
COUNTY OF ONONDAGA )

Erich Braun, being duly sworn, deposes and states:

I am a Task Force Officer with the United States Drug Enforcement Administration (DEA). I have read the foregoing Complaint for Forfeiture *in Rem* and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement officers.

Dated the 20 day of February, 2026.

Erich Braun, Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed before me this 20th day of February, 2026.

Notary Public

MARIANNE A. MEIGS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01ME5030983
Qualified in Onondaga County
Commission Expires October 24, 2026